SEYFARTH SHAW LLP
Daniel R. Sable (SBN 245171)
dsable@seyfarth.com
Sierra J. Chinn-Liu (SBN 322994)
schinnliu@seyfarth.com
2029 Century Park East Suite 3500
Los Angeles, CA 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
HUMANA INSURANCE COMPANY and
HUMANA HEALTH PLAN, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCRIPPS HEALTH, a California non-profit public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>HUMANA INSURANCE COMPANY, a Wisconsin for-profit corporation; HUMANA HEALTH PLAN, INC., a Delaware for-profit corporation; and DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | Case No. '24CV0092 L MMP<br><br>**NOTICE OF REMOVAL [DIVERSITY JURISDICTION]**<br><br>Action Filed: December 15, 2023 |

**TO THE CLERK OF THE COURT AND TO ALL PARTIES:**

Please take notice that Defendants Humana Insurance Company and Humana Health Plan, Inc. ("Humana Defendants") hereby remove this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California. Removal is proper because this Court has jurisdiction over this action.

Humana Defendants remove this action and state the following:

## I. BACKGROUND

1. Plaintiff Scripps Health ("Plaintiff") commenced an action in the Superior Court of the State of California for the County of San Diego, Case No. 37-2023-00054322-CU-BC-NC (the "State Court Action") against Humana Defendants.

2. On December 15, 2023, Humana Defendants accepted service via email by the counsel for Humana Defendants; thus, Humana Defendants were served with the Complaint and Summons in the State Court Action on December 15, 2023. Plaintiff subsequently served Humana Defendants by other means, as well.

3. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders from the State Court Action are collectively attached hereto as **Exhibit A**. Upon information and belief, no other related process, pleadings, or orders have been served on Humana Defendants.

4. Removal is timely because this Notice of Removal is filed within thirty days after the service, as required by 28 U.S.C. § 1446(b)(1) and Fed. R. Civ. P. 6(a)(1).

5. All named defendants—here, the Humana Defendants—consent to this removal. 28 U.S.C. § 1446(b).

6. In accordance with 28 U.S.C. § 1446(d), a copy of Humana Defendants' Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court for the State of California, County of San Diego (*see* **Exhibit B**).

7. In accordance with 28 U.S.C. § 1446(d), Humana Defendants are contemporaneously serving this Notice of Removal on all adverse parties.

## II. DIVERSITY JURISDICTION EXISTS

8. This action may appropriately be removed to this Court, under 28 U.S.C. § 1332, because there is complete diversity among the properly served and joined parties and the amount in controversy exceeds the sum of $75,000.00.

### A. Diversity of Citizenship Exists Among the Parties.

9. Plaintiff asserts a breach of contract cause of action based on an alleged failure to pay for claims arising from the provision of medical services to certain members of health plans allegedly administered by Humana Defendants under a letter of agreement between Plaintiff and Humana Defendants. (*See* Compl., generally.)

10. Plaintiff is a "non-profit public benefit corporation organized and existing pursuant to the laws of the State of California" and "has its principal place of business in the City of Encinitas, County of San Diego, State of California." (*Id.* ¶ 1.)

11. Plaintiff alleges that Humana Insurance Company "is a corporation organized and existing pursuant to the laws of the State of Wisconsin" and "has its principle place of business in the City of Lexington, County of Jefferson, State of Kentucky." (*Id.* ¶ 2.)

12. Plaintiff alleges that Humana Health Plan, Inc. "is a corporation organized and existing pursuant to the laws of the state of Kentucky." (*Id.* ¶ 3.)

13. Complete diversity exists.

14. Pursuant to 28 U.S.C. § 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. Thus, the existence of "Doe" defendants does not deprive this Court of jurisdiction.

### B. The Amount in Controversy Exceeds $75,000.

15. The amount in controversy requirement of 28 U.S.C. § 1332 is also met. Although Humana Defendants vehemently deny the allegations in the Complaint and contends that Plaintiff is not entitled to any recovery whatsoever, the only relevant

question at this stage is whether the Complaint places in controversy an amount in excess of the amount specified by 28 U.S.C. § 1332.

16. Plaintiff's Complaint alleges damages at $855,741.59. (*See* Compl. ¶ 18.)

17. Accordingly, the grounds for diversity jurisdiction are satisfied.

## III. RESERVATION OF RIGHTS

18. Humana Defendants deny the allegations contained in Plaintiff's Complaint and file this Notice of Removal without waiving any defenses, objections, exceptions, and/or obligations that may exist in either state or federal court.

19. Humana Defendants do not concede in any way that (i) Plaintiff has asserted a claim upon which relief can be granted, (ii) Plaintiff has standing to sue, and/or (iii) recovery of any of the amounts sought is authorized or appropriate.

20. Humana Defendants reserve the right to amend or supplement this Notice of Removal. Further, to the extent any questions arise as to the propriety of the removal of the State Court Action, Humana Defendants expressly request the opportunity to present a brief, oral argument and any further evidence necessary in support of the position that this action is removable.

WHEREFORE, Humana Defendants hereby remove this action to the United States District Court for the Southern District of California, and requests such other and further relief as the Court deems appropriate and just.

DATED: January 12, 2024

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/*Sierra J. Chinn-Liu*
Daniel R. Sable
Sierra J. Chinn-Liu
Attorneys for Defendants
HUMANA INSURANCE COMPANY and
HUMANA HEALTH PLAN, INC.

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**12/15/2023** at 02:00:31 PM
Clerk of the Superior Court
By Antonin Conti, Deputy Clerk

**NOTICE TO DEFENDANT:** HUMANA INSURANCE COMPANY, a Wisconsin for-profit
***(AVISO AL DEMANDADO):*** corporation; HUMANA HEALTH PLAN, INC., a Delaware for-profit corporation; and DOES 1 THROUGH 25, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:** SCRIPPS HEALTH, a California non-profit public
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** benefit corporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court
North County Courthouse - 325 S. Melrose Drive, Vista, CA 92081

CASE NUMBER:
*(Número del Caso):*
37-2023-00054322-CU-BC-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Stephenson, Acquisto & Colman, Inc., 303 N. Glenoaks Blvd., Burbank, CA 91502 (818) 559-4477

DATE: 12/15/2023 Clerk, by A. Conti, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: HUMANA INSURANCE COMPANY, a Wisconsin for-profit corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:





For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form

LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC.
JOY STEPHENSON-LAWS, ESQ. (SBN 113755)
jstephensonlaws@sacfirm.com
RICHARD A. LOVICH, ESQ. (SBN 113472)
rlovich@safirm.com
KARLENE ROGERS-ABERMAN, ESQ. (SBN 237883
kaberman@sacfirm.com
MICHELLE A. WEDDERBURN, ESQ. (SBN 287316)
mwedderburn@sacfirm.com
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502
Telephone: (818) 559-4477
Facsimile: (818) 559-5484

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**12/15/2023** at 02:09:31 PM
Clerk of the Superior Court
By Antonin Conti,Deputy Clerk

Attorneys for Plaintiff, SCRIPPS MEMORIAL HOSPITAL ENCINITAS

**SUPERIOR COURT OF CALIFORNIA**

FOR THE COUNTY OF SAN DIEGO

UNLIMITED JURISDICTION

SCRIPPS HEALTH, a California non-profit public benefit corporation,

Plaintiff,

vs.

HUMANA INSURANCE COMPANY, a Wisconsin for-profit corporation; HUMANA HEALTH PLAN, INC., a Delaware for-profit corporation; and DOES 1 THROUGH 25, INCLUSIVE,

Defendants.

Case No.: 37-2023-00054322-CU-BC-NC

COMPLAINT FOR DAMAGES FOR BREACH OF WRITTEN CONTRACT

**PARTIES**

1. Plaintiff, SCRIPPS HEALTH, a California non-profit public benefit corporation, and existing pursuant to the laws of the State of California ("Scripps"). Scripps has its principal place of business in the City of Encinitas, County of San Diego, State of California. Among other responsibilities, Scripps provides medically necessary services, including emergency services, supplies and/or equipment to Patients.

2. Defendant Humana Insurance Company is a corporation organized and existing pursuant to the laws of the State of Wisconsin. Humana Insurance Company has its principal place of business in the City of Lexington, County of Jefferson, State of Kentucky. Humana Insurance Company is in the business of sponsoring or administering health plans for its enrollees.

3. Defendant Humana Health Plan, Inc. is a corporation organized and existing pursuant to the laws of the State of Kentucky. Humana Health Plan, Inc. is in the business of sponsoring or administering health plans for its enrollees.

4. Defendants Humana Insurance Company and Humana Health Plan, Inc., and Does 1 through 25, inclusive, shall be collectively referred to as "Humana."

5. Humana, and each of them, at all relevant times, have transacted business in the State of California. The violations alleged within this complaint have been and are being carried out in the State of California, County of Santa Barbara.

6. At all relevant times each of the defendants, including the defendants named "Doe," was and is the agent, employee, employer, joint venturer, representative, alter ego, subsidiary, and/or partner of one or more of the other defendants, and was, in performing the acts complained of herein, acting within the scope of such agency, employment, joint venture, or partnership authority, and/or is in some other way responsible for the acts of one or more of the other defendants.

## COMMON FACTUAL BACKGROUND

7. On the dates indicated on Exhibit 1, Scripps provided medically necessary treatment to the individuals listed in Exhibit 1 (the "Patients").[1]

8. Scripps is informed and believes and thereon alleges that at all relevant times the Patients were beneficiaries of health plans sponsored, administered, and/or funded by Humana.

9. The claims set forth in Exhibit 1 are subject to the Letter of Agreement, effective September 1, 2002 (the "LOA"). Pursuant to the LOA, Scripps agreed to provide medically necessary services to various Humana enrollees. In exchange, Humana agreed to pay Scripps for the health care services rendered to those patients at the rates set forth in the LOA. Scripps rendered medically necessary services to the Patients as set forth in Exhibit 1.

[1] In deference to the Patient's privacy concerns enumerated in Cal. Const. art. I, § 1 as well as the Health Insurance Portability and Accountability Act of 1996 (42 U.S.C. §§ 1230d *et seq.*), the Patient has been identified by initials only.

10. Scripps timely and properly submitted the billed charges to Humana, for payment by Humana.

11. Humana failed to properly pay Scripps for the medically necessary services rendered to the Patients, despite demands therefor.

## FIRST CAUSE OF ACTION

(Breach of Written Contract)

(Against defendants Humana)

12. Scripps incorporates by reference and re-alleges paragraphs 1 through 11 as though set forth in full.

13. As stated above, under the Contract, Scripps agreed to provide medically necessary services to Humana beneficiaries in exchange for which Humana agreed to pay the LOA Rates to Scripps pursuant to the terms of the LOA.

14. Scripps provided medically necessary services to the Patients listed in Exhibit 1 and performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the LOA.

15. Under the LOA, Humana is obligated to reimburse Scripps at various payment rates depending on the type of service provided. The total charges pertaining to the Patients amounted to $7,383,014.14.

16. Scripps demanded that Humana perform its obligations to properly reimburse Scripps at the LOA rates for the medical services, supplies and/or equipment rendered to the Patients.

17. Humana breached the LOA by failing to pay fully, much less to timely pay Scripps, the amount due under the LOA, without excuse.

18. As a result of the breaches by Humana, Scripps suffered damages in a sum to be proven at trial but not less than $855,741.59 exclusive of interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Scripps prays for judgment as follows:

1. for the principal sum to be proven at trial but not less than $855,741.59;

2. for interest on such principal sum at the rate of fifteen percent (15%) per annum, pursuant to Cal. Health & Safety Code § 1371; or, in the alternative, for interest on such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code § 3289.

Dated: December 15, 2023

LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC.

[signature]

MICHELLE A. WEDDERBURN, ESQ.
Attorneys for
SCRIPPS MEMORIAL HOSPITAL ENCINITAS

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Michelle A. Wedderburn, Esq. (SBN 287316)
Law offices of Stephenson, Acquisto & Colman, Inc.
303 N. Glenoaks Blvd., Suite 700, Burbank, CA 91502
TELEPHONE NO.: (818) 559-4477 FAX NO. (Optional): (818) 559-5484
E-MAIL ADDRESS: mwedderburn@sacfirm.com
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
12/15/2023 at 02:09:31 PM
Clerk of the Superior Court
By Antonin Conti, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 South Melrose Drive
MAILING ADDRESS: 325 South Melrose Drive
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Courthouse

CASE NAME: SCRIPPS HEALTH, a California non-profit public benefit corporation v. HUMANA INSURANCE COMPANY, a Wisconsin for-profit corporation, ET AL.

# CIVIL CASE COVER SHEET

[x] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 37-2023-00054322-CU-BC-NC
JUDGE: Judge Robert P Dahlquist
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [x] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 15, 2023

Michelle A. Wedderburn, Esq. ▶ MAWeddell

(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 325 S Melrose DRIVE
MAILING ADDRESS: 325 S Melrose DRIVE
CITY AND ZIP CODE: Vista, CA 92081-6695
DIVISION: North County
TELEPHONE NUMBER: (760) 201-8029

PLAINTIFF(S) / PETITIONER(S): Stephenson, Acquisto & Colman

DEFENDANT(S) / RESPONDENT(S): Humana Insurance Company et.al.

STEPHENSON, ACQUISTO & COLMAN V. HUMANA INSURANCE COMPANY [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2023-00054322-CU-BC-NC |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Robert P Dahlquist Department: N-29

**COMPLAINT/PETITION FILED:** 12/15/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/17/2024 | 09:00 am | N-29 | Robert P Dahlquist |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):

- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2023-00054322-CU-BC-NC CASE TITLE: Stephenson, Acquisto & Colman v. Humana Insurance Comp

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

**Most Common Types of ADR**

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

**Local ADR Programs for Civil Cases**

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):

- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice**

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 325 S. Melrose<br>MAILING ADDRESS: 325 S. Melrose<br>CITY, STATE, & ZIP CODE: Vista, CA 92081-6695<br>BRANCH NAME: North County | |
| PLAINTIFF(S): Stephenson, Acquisto & Colman | |
| DEFENDANT(S): Humana Insurance Company et.al. | |
| SHORT TITLE: STEPHENSON, ACQUISTO & COLMAN V. HUMANA INSURANCE COMPANY [IMAGED] | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: 37-2023-00054322-CU-BC-NC |

Judge: Robert P Dahlquist    Department: N-29

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Mediation (private)
- ☐ Voluntary settlement conference (private)
- ☐ Neutral evaluation (private)
- ☐ Other (*specify e.g., private mini-trial, private judge, etc.*): ______________________
- ☐ Non-binding private arbitration
- ☐ Binding private arbitration
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* ______________________

Alternate neutral (for court Civil Mediation Program and arbitration only): ______________________

| | |
|---|---|
| Date: ______________________ | Date: ______________________ |
| Name of Plaintiff | Name of Defendant |
| Signature | Signature |
| Name of Plaintiff's Attorney | Name of Defendant's Attorney |
| Signature | Signature |

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 12/15/2023

______________________
JUDGE OF THE SUPERIOR COURT

# EXHIBIT B

SEYFARTH SHAW LLP
Daniel R. Sable (SBN 245171)
dsable@seyfarth.com
Sierra J. Chinn-Liu (SBN 322994)
schinnliu@seyfarth.com
2029 Century Park East Suite 3500
Los Angeles, CA 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
HUMANA INSURANCE COMPANY and
HUMANA HEALTH PLAN, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

SCRIPPS HEALTH, a California non-profit public benefit corporation,

Plaintiff,

v.

HUMANA INSURANCE COMPANY, a Wisconsin for-profit corporation; HUMANA HEALTH PLAN, INC., a Delaware for-profit corporation; and DOES 1 THROUGH 25, INCLUSIVE,

Defendants..

Case No. 37-2023-00054322-CU-BC-NC

**NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT**

Action Filed: December 15, 2023

**TO PLAINTIFF AND ALL ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that a Notice of Removal (attached hereto as **Exhibit 1**) of this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California (the "Federal Court") was filed on this 12th day of January 2024 with the Clerk of the Federal Court, thereby effectuating removal of this action.

DATED: January 12, 2024

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ *Sierra J. Chinn-Liu*
Daniel R. Sable
Sierra J. Chinn-Liu
Attorneys for Defendants
HUMANA INSURANCE COMPANY and HUMANA HEALTH PLAN, INC.