SEYFARTH SHAW LLP
Daniel R. Sable (SBN 245171)
dsable@seyfarth.com
Sierra J. Chinn-Liu (SBN 322994)
schinnliu@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
HUMANA INSURANCE COMPANY and
HUMANA HEALTH PLAN, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SCRIPPS HEALTH dba SCRIPPS MEMORIAL HOSPITAL ENCINITAS, a California non-profit public benefit corporation; SCRIPPS MEMORIAL HOSPITAL LA JOLLA, a California nonprofit public benefit corporation; SCRIPPS MERCY HOSPITAL, a California nonprofit public benefit corporation; SCRIPPS MERCY HOSPITAL-CHULA VISTA, a California non-profit public benefit corporation,

Plaintiffs,

v.

HUMANA INSURANCE COMPANY, a Wisconsin for-profit corporation; HUMANA HEALTH PLAN, INC., a Delaware for-profit corporation; and DOES 1 THROUGH 25, INCLUSIVE,

Defendants.

Case No.: 3:24-cv-00092-L-MMP

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

Action Filed: December 15, 2023
Removed: January 12, 2024
Amended Complaint: March 1, 2024
Response: March 19, 2024

Defendants HUMANA INSURANCE COMPANY and HUMANA HEALTH PLAN, INC. (collectively, “Defendants”), by and through their undersigned counsel, respond to the First Amended Complaint (“FAC”) filed by Plaintiffs SCRIPPS HEALTH, SCRIPPS MEMORIAL HOSPITAL LA JOLLA, SCRIPPS MERCY HOSPITAL, and SCRIPPS MERCY HOSPITAL-CHULA VISTA (collectively, “Plaintiffs”):

## GENERAL RESPONSE

Unless specifically admitted, Defendants deny the allegations in the numbered paragraphs of the FAC, and further deny that they were responsible for, or liable for, any of the happenings or events mentioned in the FAC. Any admission herein is limited to the express language of the response and shall not be deemed an implied admission of additional facts. Defendants need not admit or deny legal conclusions or arguments. Although Defendants need not admit or deny legal conclusions or arguments, Defendants affirmatively deny that they have violated any applicable federal or state law, and assert that Plaintiffs should be denied all of the relief requested.

## PARTIES

1. Defendants admit that Plaintiffs are alleged to be corporations organized and existing pursuant to the laws of the State of California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, and therefore on that basis, deny the remaining allegations.

2. Defendants admit that Humana Insurance Company is a Wisconsin corporation with its principle place of business in Kentucky. Defendants deny the remaining allegations in Paragraph 2, as stated.

3. Defendants admit that Humana Health Plan, Inc. is a Kentucky corporation. Defendants deny the remaining allegations in Paragraph 3, as stated.

4. In response to Paragraph 4, Defendants admit that Plaintiffs refer to both Defendants collectively as “Humana” in the FAC, but deny that Defendants should be treated as “one” and/or that the allegations in the FAC apply equally, *if at all*, to both Defendants, as they are separate legal entities. For purposes of clarity, any attempts to

impose liability on Defendants collectively is improper, as are representative allegations.

5. Paragraph 5 contains legal arguments that require no response. To the extent that these recitations are inconsistent with and/or mischaracterize the law, Defendants deny these allegations. Moreover, Defendants deny any "violations," as vaguely alleged in Paragraph 5 of the FAC.

6. In response to Paragraph 6, Defendants respond that they lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore on that basis, deny the allegations. Defendants also aver that with respect to Defendants *only*, the allegations in Paragraph 6 lack a factual foundation, as stated, and are therefore denied.

7. The allegations in Paragraph 7 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that these allegations are inconsistent with and/or mischaracterize such documents, they are denied. Paragraph 7 further contains legal arguments that require no response. To the extent that these recitations are inconsistent with and/or mischaracterize the law, Defendants deny these allegations. For purposes of clarity, Defendants deny the allegations in Paragraph 7 to the extent that Paragraph 7 can be construed to suggest that Defendants violated the applicable contract.

8. The allegations in Paragraph 8 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that these allegations are inconsistent with and/or mischaracterize such documents, they are denied. Paragraph 8 further contains legal arguments that require no response. To the extent that these recitations are inconsistent with and/or mischaracterize the law, Defendants deny these allegations. For purposes of clarity, Defendants deny the allegations in Paragraph 8 to the extent that Paragraph 8 can be construed to suggest that Defendants violated the applicable contract.

9. In response to Paragraph 9, Defendants respond that they lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore on

that basis, deny the allegations. Paragraph 9 further contains legal arguments that require no response. To the extent that these recitations are inconsistent with and/or mischaracterize the law, Defendants deny these allegations. For purposes of clarity, Defendants deny the allegations in Paragraph 9 to the extent that Paragraph 9 can be construed to suggest that Defendants violated the applicable contract.

10. Defendants deny the allegations in Paragraph 10.

**FIRST CAUSE OF ACTION**

(Breach of Written Contract)

(Against defendants Humana)

11. Defendants restate and incorporate their responses to Paragraphs 1 through 10 of the FAC as though fully set forth here.

12. Defendants respond that the allegations in Paragraph 12 purport to recite or describe the contents of documents that speak for themselves and are the best evidence of their contents. To the extent that these allegations are inconsistent with and/or mischaracterize such documents, they are denied. Paragraph 12 further contains legal arguments that require no response. To the extent that these recitations are inconsistent with and/or mischaracterize the law, Defendants deny these allegations. For purposes of clarity, Defendants deny the allegations in Paragraph 12 to the extent that Paragraph 12 can be construed to suggest that Defendants violated the applicable contract.

13. Paragraph 13 contains legal arguments that require no response. To the extent that these recitations are inconsistent with and/or mischaracterize the law, Defendants deny these allegations. For purposes of clarity, Defendants deny the allegations in Paragraph 13 to the extent that Paragraph 13 can be construed to suggest that Plaintiffs followed their obligations under the applicable contract and/or Defendants violated the applicable contract.

14. Paragraph 14 contains legal arguments that require no response. To the extent that these recitations are inconsistent with and/or mischaracterize the law, Defendants deny these allegations. For purposes of clarity, Defendants deny the allegations in Paragraph 14

to the extent that Paragraph 14 can be construed to suggest that Plaintiffs followed their obligations under the applicable contract and/or Defendants violated the applicable contract.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

## PLAINTIFFS' PRAYER FOR RELIEF

In response to Plaintiffs' Prayer for Relief, Defendants respond that Plaintiffs' requests for relief consist of conclusions of law rather than factual allegations, and accordingly no answer is required.

Defendants further deny that Plaintiffs are entitled to any of the relief sought in Plaintiffs' Prayer for Relief. Defendants further aver that Plaintiffs' allegations lack a factual and legal foundation.

## AFFIRMATIVE DEFENSES

Defendants have not yet completed their investigation in this matter. Defendants reserve all rights to alter or amend their responsive pleading and affirmative defenses. Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendants assert the following affirmative defenses as may prove applicable after discovery and/or a bench trial:

### FIRST DEFENSE

1. The FAC fails to set forth facts sufficient to state a claim upon which relief may be granted and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or any other relief whatsoever from Defendants.

### SECOND DEFENSE

(Statute of Limitations)

2. Plaintiffs' FAC, and each purported claim alleged therein, is barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure §§ 337 and 339.

**THIRD DEFENSE**

(Failure to Exhaust Administrative Remedies)

3. Plaintiffs' FAC, and each purported claim alleged therein, is barred, in whole or in part, to the extent Plaintiffs have failed to exhaust administrative remedies pursuant to California Government Code §§ 12960, 12965, and all other applicable laws, including under the Medicare Act and the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs' FAC, and each purported claim alleged therein, is also barred, in whole or in part, to the extent that Plaintiffs have failed to dispute, appeal, or contest payments/reimbursement in the manner proscribed by contract or applicable law, including by exhausting grievance, dispute, appeal, or contestation processes.

**FOURTH DEFENSE**

(Waiver)

4. Plaintiffs' FAC, and each purported claim alleged therein, is barred, in whole or in part, by Plaintiffs' own conduct and actions, which have waived their right, if any, to assert the purported claims contained in the FAC.

**FIFTH DEFENSE**

(Laches)

5. Plaintiffs are barred by the doctrine of laches from pursuing the FAC, and each purported claim alleged therein, because Plaintiffs exercised inexcusable delay in commencing this action.

**SIXTH DEFENSE**

(Unclean Hands)

6. Plaintiffs' FAC, and each purported claim alleged therein, is barred, in whole or in part, by the doctrine of unclean hands.

**SEVENTH DEFENSE**

(Estoppel)

7. Plaintiffs' FAC, and each purported claim alleged therein, is barred, in whole or in part, by the doctrine of estoppel.

**EIGHTH DEFENSE**

(Collateral Estoppel and Res Judicata)

8. Plaintiffs' FAC, and each purported claim alleged therein, is barred, in whole or in part, by the doctrines of collateral estoppel and res judicata.

**NINTH DEFENSE**

(Lack of Causation)

9. Plaintiffs' alleged injuries and/or damages in the FAC, if any, were not proximately caused by the acts or omissions of Defendants, and any injury and/or damages that Plaintiffs alleges they suffered, if any, resulted from a cause or causes not legally or proximately related to any act or omission of Defendants.

**TENTH DEFENSE**

(Consent and Ratification)

10. Plaintiffs' FAC, and each purported claim alleged therein, is barred, whole or in part, to the extent any conduct attributable to Defendants was ratified or consented to by Plaintiffs.

**ELEVENTH DEFENSE**

(Performance Excused)

11. Plaintiffs' FAC, and each purported claim alleged therein, is barred, whole or in part, where recovery of damages is precluded because Defendants' contractual performance was excused by Plaintiffs' actions.

**TWELFTH DEFENSE**

(Set-off)

12. To the extent Plaintiffs have received other benefits and/or awards attributable to an injury, damage, or penalty for which it seeks compensation in this case, such benefits and/or awards should be set-off (or offset), in whole or in part, by any award it receives here for the same injury. Moreover, the amount of any alleged underpayments or awarded damages (to the extent Plaintiffs have suffered any damages, which Defendants dispute), should be set-off by the amount, and to the extent, any claims

for reimbursement submitted by Plaintiffs were overpaid by Defendants. This includes, for example, instances where Plaintiffs have: billed for non-Covered Services, performed non-medically necessary services, billed for services that were different (or described differently) than those actually performed, billed for services using incorrect billing codes, billed for services in a manner that does not comply with applicable policies and procedures, failed to comply with applicable industry procedures, practice, or rules, or otherwise failed to comply with applicable state and federal laws, regulations, and rules, including applicable Medicare rules and regulations for billing healthcare claims. Likewise, the amount of any awarded damages (to the extent Plaintiffs have suffered any damages, which Defendants dispute), should be set-off (or offset) by the amount, and to the extent a payment was made in error, to the extent benefits for healthcare claims were not properly coordinated for patients covered by more than one payor or plan, to the extent co-payments, deductibles, or coinsurance were not properly taken into account, to the extent duplicate claims or claim payments were made, or to the extent claims were paid in excess of the allowed amount permitted by contractual terms or the controlling health plan(s).

**THIRTEENTH DEFENSE**

(Comparative Fault)

13. Plaintiffs' alleged injury, damages, loss, and/or detriment, if any, were caused, in whole or in part, by persons or entities other than Defendants, including Plaintiffs, and Defendants' liability, if any, is limited in direct proportion to the percentage of fault actually attributable to Defendants.

**FOURTEENTH DEFENSE**

(Failure to Mitigate Damages)

14. Defendants are informed and believe that Plaintiffs could have mitigated the amount of damages they allegedly suffered, but Plaintiffs have failed or refused to exercise reasonable efforts to mitigate such damages.

///

**FIFTEENTH DEFENSE**

(Plaintiffs Lack Standing)

15. Plaintiffs' FAC, and each purported claim alleged therein, is barred, in whole or in part, to the extent Plaintiffs lack standing to pursue claims for relief in the FAC in either an individual or representative capacity. Plaintiffs' FAC, and each purported claim alleged therein, is also barred, in whole or in part, to the extent that Plaintiffs cannot establish an effective assignment of benefits for the reimbursement of healthcare claims for services rendered by a provider who was non-participating with Defendants at the time they rendered the healthcare services.

**SIXTEENTH DEFENSE**

(Preemption)

16. Plaintiffs' FAC, and each purported claim alleged therein, is barred, in whole or in part, to the extent that the claims asserted are preempted by federal law, including, without limitation, the Medicare Act, ERISA § 502(a), 29 U.S.C. § 1132, ERISA § 514(a), 29 U.S.C. § 1144, 42 C.F.R. § 422.402, 42 U.S.C. § 1395w-26(b)(3), and/or 5 U.S.C. § 8902(m).

**SEVENTEENTH DEFENSE**

(Non-Contract Providers)

17. Plaintiffs' FAC, and each purported claim alleged therein, is barred, in whole or in part, to the extent that any of the at-issue claims are for healthcare services rendered by facilities or healthcare providers that were not contracted as participating providers with Defendants for certain Medicare Advantage products, and Plaintiffs have not followed and exhausted the exclusive administrative remedies available to non-contract providers under Medicare program regulations. Furthermore, Plaintiffs' FAC is barred, in whole or in part, because Plaintiffs are required by federal law to accept as payment in full from Defendants, the amounts that they could collect if the patient were enrolled in original Medicare.

**EIGHTEENTH DEFENSE**

(Accord and Satisfaction)

18. Plaintiffs' FAC, and each purported claim alleged therein, is barred, in whole or in part, under the doctrines of accord and satisfaction to the extent the issues or claims being disputed were previously resolved, released, or settled.

**NINETEENTH DEFENSE**

(Against Public Policy)

19. Plaintiffs' FAC and each purported claim alleged therein, is barred, in whole or in part, to the extent that Plaintiffs seek to recover full-billed charges, which is void as against public policy because the charges are exorbitant, arbitrary, and unreasonable, and would unnecessarily increase overall healthcare costs to Defendants' members, including causing potential premium increases.

**TWENTIETH DEFENSE**

(Statute of Frauds)

20. Plaintiffs' FAC, and each purported claim alleged therein, is barred, in whole or in part, under the statute of frauds, and Defendants assert that any alleged agreement not in writing, including for the sale of goods and supplies in excess of $500, is void and unenforceable.

**TWENTY-FIRST DEFENSE**

(Not Medically Necessary or Eligibility)

21. Plaintiffs' FAC, and each purported claim alleged therein, is barred, in whole or in part, to the extent that the healthcare services provided were not medically necessary, not preauthorized, and/or otherwise not covered by the applicable member's controlling health plan(s), or to the extent that the applicable patients were not eligible members covered under the controlling health plan(s) at the time that the healthcare services were rendered.

///

## RESERVATION OF RIGHTS

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses, and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate. As a result, Defendants hereby give notice that they intend to rely upon such other defenses as may become available to them by operation of law, pursuant to statute, or as a result of discovery within or outside this preceding.

## PRAYER

Wherefore, Defendants pray for judgment as follows:

1. Plaintiffs take nothing for the FAC;
2. Judgment be entered in favor of Defendants and against Plaintiffs on all claims, causes of action, and/or issues;
3. Defendants be awarded reasonable attorneys' fees;
4. Defendants be awarded their costs of suit incurred herein; and
5. Defendants be awarded such other and further relief as the Court may deem just and appropriate.

DATED: March 19, 2024

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Sierra J. Chinn-Liu*
Daniel R. Sable
Sierra J. Chinn-Liu

Attorneys for Defendants
HUMANA INSURANCE COMPANY and
HUMANA HEALTH PLAN, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2024, I caused the a copy of the foregoing to be filed electronically with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all parties registered to receive notice via that service.

*/s/ Sierra J. Chinn-Liu*
Sierra J. Chinn-Liu